IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **KIRSCHEN CROSS, #2020378** § § | |
| § | **CIVIL ACTION NO. 6:21-CV-00413-JCB** |
| **Plaintiff,** § § | |
| v. § § | |
| **DIRECTOR, TDCJ - CID,** § § | |
| § | |
| **Defendant.** § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kirschen Cross, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2015 Smith County conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Upon review, for the reasons stated herein, the court recommends that the petition be denied, and the case dismissed with prejudice. The court further recommends that Petitioner Cross be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On November 1, 2014, Petitioner was indicted in Smith County, Texas for the felony offense of intoxication assault with vehicle sustaining bodily injury. (Doc. No. 12-33, at 5–6.) Petitioner pleaded not guilty to the offense and proceeded to a trial on the merits and punishment. *Id.* at 8. On July 22, 2015, Petitioner was found guilty of the offense by a jury in cause number 241-1642-14, out of the 241st Judicial District Court of Smith County, Texas. *Id.* at 9; Doc. No.

12-9. After hearing the evidence and arguments of counsel, the jury found that Petitioner did use or exhibit a deadly weapon and found the enhancement paragraphs "true". *Id.* On the same day, the jury sentenced him to life imprisonment. *Id.* Petitioner appealed the conviction, represented by counsel who filed an *Anders* brief, and on July 20, 2016, the Twelfth Court of Appeals affirmed his conviction. (Doc. No. 12-1.) Petitioner did not file a petition for discretionary review ("PDR").

On June 8, 2017, Petitioner filed his first state habeas application challenging his conviction. (Doc. No. 12-33, at 29.) On October 4, 2017, Petitioner's application was denied by the Texas Court of Criminal Appeals ("CCA") as noncompliant. (Doc. No. 12-32.) On October 24, 2017, Petitioner filed his second state habeas application. (Doc. No. 12-35, at 96.) On January 31, 2018, the CCA denied this application without written order or hearing on the findings of the trial court. (Doc. No. 12-34.) On August 21, 2019, Petitioner filed his third state habeas application. (Doc. No. 12-39, at 32.) The CCA dismissed the application as noncompliant on October 16, 2019. (Doc. No. 12-36.) Petitioner filed his federal habeas petition on October 14, 2021. (Doc. No. 1-1, at 18); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

**II. Cross's Petition**

In his petition, Petitioner raises several claims for relief:

(1) Ineffective assistance of counsel for failure to investigate;

(2) Ineffective assistance of counsel based upon failure to object;

(3) Ineffective assistance of counsel based upon failure to suppress evidence; and

(4) Ineffective assistance of counsel based upon improper remarks.

(Doc. No. 1, at 6–7.)

Petitioner argues that trial counsel failed to investigate and visit the scene of the crime and determine who the driver was or obtain other exculpatory evidence. *Id.* at 6. Petitioner further argues that counsel failed to object when the prosecutor called Petitioner a drunk in front of the jury, that counsel failed to move to suppress evidence of blood samples and perjured testimony, and that counsel rendered ineffective assistance by telling the jury that Petitioner was legally intoxicated. *Id.* at 7.  Petitioner requests a live evidentiary hearing so that he can put on evidence to prove his habeas claim. *Id.*

### III. Respondent's Answer

After being ordered to do so, Respondent filed an answer addressing Cross's petition. (Doc. No. 13.) Respondent maintains that Cross's petition is barred by the statute of limitations. *Id.* Respondent also asserts that Cross is not entitled to equitable tolling. *Id.*

### IV. Cross's Reply

In his reply, Petitioner argues that he is asserting an actual innocence "*Schlup*" claim to pass through the "gateway" to assert his constitutional claim. (Doc. No. 14.)

### V. Legal Standards

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow.  A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present.  *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted).  When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law.  *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Pub. L. 104-132, 110 Stat. 1217. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result.  Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim.").  Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**VI. Discussion and Analysis**

<u>1. Timeliness under the AEDPA</u>

Congress enacted the AEDPA on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to his petition. Notably, Title I imposes a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). An inmate must file a section 2254 petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals).

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for state post-conviction

or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

Here, Petitioner Cross was sentenced on July 22, 2015, after which he filed an appeal, and on July 20, 2016, the Twelfth Court of Appeals affirmed his conviction. (Doc. Nos. 12-33, 12-1.) Petitioner did not file a PDR. Therefore, his conviction became final thirty days after his time for filing a PDR expired on August 19, 2016. Thus, the federal limitations period expired one year later, on August 21, 2017,[1] absent statutory tolling.

Petitioner filed his first state habeas application challenging his conviction on June 8, 2017. (Doc. No. 12-33, at 29.) On October 4, 2017, Petitioner's application was denied by the CCA as noncompliant. (Doc. No. 12-32.) It is well-settled that, in order to toll the federal limitations period, the state habeas application must be "properly filed." *See* 28 U.S.C. §2244(d)(2); *see also Davis v. Quarterman*, 342 F. App'x 952, 954 (5th Cir. 2009) (unpublished). Accordingly, while filed before his federal limitations period expired, Petitioner's first-filed state habeas application did not toll his federal limitations period because it was not properly filed. Petitioner's second-filed state habeas applications was filed on October 24, 2017, after the limitations period expired on August 21, 2017. (Doc. No. 12-35, at 96.) Petitioner's second-filed habeas application therefore also did not toll the federal limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[Petitioner]'s state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired."). Lastly, Petitioner's third-filed state habeas application was filed on August 21, 2019. (Doc. No. 12-39, at 32.) The CCA dismissed the application as noncompliant on October 16, 2019. (Doc. No. 12-36.) Therefore,

---

[1] August 19, 2017 fell on a Saturday, extending his time to file until the following Monday.

Petitioner's third-filed application was both improperly filed and untimely and thus fails to toll the limitations period. *Davis*, 342 F. App'x at 954; *Scott*, 227 F.3d at 263.

Although the AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Petitioner had until August 21, 2017, to file his federal habeas petition; however, he filed his section 2254 petition on October 14, 2021—more than four years after the expiration of the limitation period. (Doc. No. 1-1, at 18). As a result, it is untimely and barred by the statute of limitations—absent any tolling.

  2. Equitable Tolling

Petitioner is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (overturned on other grounds)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original).

Here, Petitioner does not show or point to any extraordinary circumstances that stood in his way so that he could file his petition timely. Indeed, Petitioner's response does not address the

issue of timeliness of his petition. (Doc. No. 14.) Instead, he argues that he was actually innocent. *Id.* Moreover, the record reflects that Petitioner did not diligently pursue his rights. Although Petitioner filed successive applications in state court, the applications were either noncompliant or untimely. Furher, Petitioner provides no explanation as to why he waited over four years to file his federal habeas petition. *See Coleman*, 184 F.3d at 403 ("In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief."); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights.").

Petitioner has neither demonstrated that he has been actively pursuing his rights nor that some extraordinary circumstances stood in his way—particularly because he waited more than four years after his conviction became final to file his federal petition. The court does not find these situations rare or possessing extraordinary circumstances. *See Mathis*, 616 F.3d at 474. Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition should be dismissed as time-barred.

3. Actual Innocence

Petitioner's response states that he intends to assert a *Schlup* claim as a pathway to relief from a statutory time-bar. (Doc. No. 14.) In *Schlup v. Delo*, the Supreme Court held that a claim of actual innocence is "'not itself a constitutional claim, but instead a gateway through which a habeas Movant must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 513 U.S. 298, 315 (1995) The Supreme Court stressed that the burden of showing actual innocence is extraordinary:

> To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable jury would have convicted him in light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice. At the same time, the showing of "more likely than not" imposes a lower burden of proof than the "clear and convincing" standard

8

> required under *Sawyer*. The *Carrier* standard thus ensures that petitioner's case is truly "extraordinary."

*Schlup*, 513 U.S. at 327. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have a reasonable doubt." *Id.* The Fifth Circuit has discussed the type of evidence that must be presented in order to satisfy the actual innocence standard:

> Proving such a claim is daunting indeed, requiring the petitioner to show, as a factual matter, that he did not commit the crime of conviction. The petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Such new, reliable evidence may include, by way of example, exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.

*McGowen v. Thaler*, 675 F.3d 482, 499–500 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 647 (2012) (internal quotation marks and citations omitted).

Here, Petitioner has not set forth a claim of actual innocence sufficient to serve as a gateway through which to pass to avoid the operation of the statute of limitations. Though Petitioner states he is intending to assert a *Schlup* claim, he has failed to present any evidence, let alone any new, reliable evidence. As such, Petitioner's response fails to meet the demanding standard set forth in *Schlup*. Thus, there is no basis to toll the limitations period based on actual innocence in this case.

### VII. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA")

9

from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He has also failed to demonstrate that a court could resolve the issues in a different manner of that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner Cross's federal habeas petition be denied, as time-barred, and the case dismissed with prejudice. Finally, it is recommended that Petitioner Cross be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 20th day of March, 2023.**

*[signature: John D. Love]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE